UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:12-CV-00196-LLK

JAMES TIMOTHY DOWNS                                                                    PLAINTIFF

v.

CAROLYN W. COLVIN                                                                  DEFENDANT
   Acting Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Plaintiff's Complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The parties have consented to the jurisdiction of the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(c), to conduct all further proceedings in this case, including entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. Docket Entry Number (DN) 6.

The fact and law summaries of the Plaintiff and the Defendant are at DN 14 and DN 15, respectively. Donna Thornton-Green represents the Plaintiff.

Administrative Law Judge (ALJ) Marci P. Eaton rendered the final decision of the Commissioner, which is before this Court upon judicial review, on May 27, 2010. Administrative Record (AR), pp. 31-42.

For the reasons below, the final decision of the Commissioner is AFFIRMED, and the Plaintiff Complaint is DISMISSED.

### The ALJ's Denial Rationale

On October 18, 2008, the Plaintiff was examined at the request of the Commissioner by Vinay Patel, M.D. Dr. Patel's narrative report is at AR, pp. 538-541. In light of Dr. Patel's findings and the record as a whole, the state agency single decisionmaker, Kristen Campbell, completed the Physical

Residual Functional Capacity [RFC] Assessment form (AR, pp. 562-569).  Ms. Campbell's RFC is compatible with performance of light work.[1]

The state agency denied Plaintiff's disability claim at the initial level.

Upon reconsideration, the non-examining state agency program physician, Diosdado Irlandez, concurred with Ms. Campbell's prior RFC (AR, pp. 606-613).  The state agency denied Plaintiff's claim.

The claim proceeded to the ALJ level.  A vocational expert (VE) testified that an individual with the limitations identified by Dr. Irlandez would retain the ability to perform a significant number of jobs in the national economy, i.e., light officer helper, housekeeper, and laundry worker (AR, pp. 131-132).

The ALJ denied Plaintiff's disability claim at the fifth and final step of the sequential evaluation process based, in part, upon acceptance of Dr. Irlandez' findings and the VE's testimony (AR, p. 100).

### Discussion

Plaintiff contends that the ALJ erred in accepting Ms. Campbell's / Dr. Irlandez' RFC for light work; that the ALJ was obliged to accept Dr. Patel's findings, which would have limited him to sedentary work; and that, being limited to sedentary work, he is entitled to a conclusive presumption of disability pursuant to a direct application of Medical-Vocational Rule 201.14.

Plaintiff argues that the ALJ disregarded and otherwise identified no basis for rejecting Dr. Patel's RFC for light work:

> The ALJ on Page 11 of 13 of the decision, rejected the physical assessment of Dr. Patel due to "multiple contradictions contained in the report." TR 100. However, the ALJ failed to articulate the inconsistencies that warranted Dr. Patel's opinion being given little weight. Obviously, if the claimant is limited to lifting and carrying only 5 pounds, or no more than 5 pounds, he would not be capable of performing light exertional work activity, irregardless of his ability to reach overhead.  It is improper for the

---

[1] According to the definition at 20 C.F.R. § 404.1567(b): "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

2

> Commissioner to disregard opinions of a consultative physician which are favorable to a claimant. *Lashley v. Secretary*, 708 F.2d 1048, 1054 (1983).
>
> (DN 14, p. 5).

The argument is unpersuasive because the ALJ did, in fact, identify a basis for rejecting Dr. Patel's opinion limiting the Plaintiff to light work. That basis consisted of the multiple contradictions that Ms. Campbell found to be in Dr. Patel's narrative report at AR, pp. 538-541. Based on those contradictions, Ms. Campbell concluded that it seems prudent to assign Dr. Patel's opinion little weight (AR, p. 568). The ALJ adopted by reference the "multiple contradictions" identified by Ms. Campbell and, like her, found that Dr. Patel's opinion was entitled to "little weight" (AR, p. 100):

1. While Dr. Patel referred to osteoarthritis "affecting bilateral knees," the medical evidence record shows only left-knee osteoarthritis.

2. Although Dr. Patel mentioned "moderate limitations with regards to standing and walking secondary to bilateral knee pain," Dr. Patel observed a full range of knee motion, no assistive device, and Plaintiff told Dr. Patel that he "has no issues with regards to standing."

3. Plaintiff reported that he "has no issues with regards to ... reaching above his head," yet his disability claim is premised chiefly on shoulder pain and limitation.

4. Although Dr. Patel found that Plaintiff has "no limitations in regards to lifting and carrying approximately five pounds" (AR, p. 541), he told Dr. Patel that he has no issue with "handling objects."

5. In order to walk stairs, Plaintiff stated that he must use the handrail constantly, yet he also indicated that he can climb without limitation.

The ALJ identified a substantial basis for preferring Dr. Irlandez' findings to the internally-inconsistent findings of Dr. Patel, especially to the extent Dr. Patel's findings are incompatible with the requirements of light work.[2]

---

[2] In terms of the hierarchy of medical source opinions (i.e., treating, examining, non-examining), a treating source opinion is entitled to "special" deference, and the ALJ's written decision must identify "good reasons" for the weight given thereto. See *Blakley v. Commissioner*, 581 F.3d 399 (6th Cir.2009). In contrast, the preference for the

**ORDER**

For the foregoing reasons, the final decision of the Commissioner is AFFIRMED, and the Plaintiff's Complaint is DISMISSED.

---

opinion of a one-time examining source (e.g., Dr. Patel) over that of a non-examining source (Dr. Irlandez) may be overcome where there is a legitimate basis for doing so. See *Barker v. Secretary*, 40 F.3d 789 (6th Cir.1994).